UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.  22-CR-119 (JLS) (MJR)

JAEMER SMITH,
DARTWON BROOKS,

　　　　Defendants.

---

### PRETRIAL ORDER

At the December 2, 2022 final pretrial conference, the Court addressed pending motions *in limine*, among other things. The Court heard argument, as necessary, and issued the following rulings, for the reasons below and as stated more fully on the record:

- **Government's notice and motion *in limine* to offer Facebook and social media records** (Dkt. 44).

  The Court **granted** the Government's unopposed motion, subject to the Government's ability to authenticate and attribute authorship of the relevant social media accounts and records.

- **Government's notice and motion to introduce inextricably intertwined and/or FRE 404(b) evidence related to Defendant Smith's prior dealings with Diamond Allen** (Dkt. 44).

  As for the first category of evidence identified, the Court **granted** the

Government's motion in part under Rule 404(b) insofar as the Government wishes to introduce Facebook records and other evidence to show the close relationship between Defendant Smith and Allen, subject to Rule 403 balancing. However, at the final pretrial conference the Court did not address the portion of the motion relating to references to the Only the Circle ("OTC") gang. The Court **holds in abeyance** this portion of the motion and will hear arguments from counsel on this issue at the final status conference.

As for the second category of evidence identified, the Court **granted** the motion as to the statement to the effect that Allen "had dirt" on Defendant Smith. The Court otherwise **denied** the motion as to the search warrant execution in November 2018 in Olean, NY and references to drug dealing concerning Defendant Smith and Allen—the Court concluded such evidence could be admitted under Rule 404(b) but is not admissible under Rule 403.

- **Defendant Smith's motion to preclude the Government from cross-examining Defendant Smith based on his prior youthful offender adjudications** (Dkt. 30).

The Court **held the motion in abeyance** and will address the issue at trial, if it arises.

- **Defendant Smith's motion to exclude the Government's case agent from sitting at counsel table** (Dkt. 30).

The Court **denied** the motion.

## SEQUESTRATION ORDER

The Government asked the Court to sequester all witnesses, except for Federal Bureau of Investigation Special Agent Christopher Dailey (Dkt. 41). The Court **granted** that request, consistent with Federal Rule of Evidence 615. The Court further excepts Defendants from this sequestration order. *See* Fed. R. Evid. 615(a).

The Court also: (1) prohibits disclosure of trial testimony to witnesses who are excluded from the courtroom pursuant to this order; and (2) prohibits excluded witnesses from accessing trial testimony.

SO ORDERED.

Dated:   December 2, 2022
         Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE